IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| KENNETH CARDWELL, | : | |
| Plaintiff | : | |
| VS. | : | 1 : 06-CV-58 (WLS) |
| FREDERICK GAMMON, et al., | : | |
| Defendants. | : | |

**ORDER AND RECOMMENDATION**

The plaintiff filed this action in April 2006, raising allegations of excessive force and unconstitutional conditions of confinement at Calhoun State Prison. Presently pending herein are various motions filed by the plaintiff.

*Discovery motions*

The plaintiff has filed two (2) motions apparently in regard to defendants' discovery responses, wherein he appears to seek court intervention and investigation into defendants' alleged perjury in answering plaintiff's discovery requests. The plaintiff has not provided the court with any clear indication as to the requests themselves or the defendants' specific responses thereto. At this time, the court finds no basis for intervening in whatever discovery dispute is ongoing. The plaintiff is directed to this court's Local Rules, which require that a party seeking an order compelling discovery must first attempt to resolve the matter with the opposing party prior to seeking court intervention, and must then file a motion to compel accompanied by a good faith statement of this resolution attempt. Plaintiff's "Motion for Discovery" and "Motion for Investigation" are therefore **DENIED**.

The plaintiff has also filed a motion seeking a court order for production of his medical record. Therein, the plaintiff alleges that as an indigent prisoner he cannot afford the copying costs and seeks to have the court and/or the defendants pay for the production of copies of his medical records. The court notes that to the extent the plaintiff seeks to have copies of his medical records provided to the court and to the defendants, the defendants have attached certain portions of plaintiff's prison medical records to their presently pending Motion for Summary Judgment. The court further notes that plaintiff's *in forma pauperis* status does not entitle him to free copies or allow him to avoid discovery copying costs. See Ennis v. Teague, 882 F. Supp. 1023 (M.D.Ala. 1995) (inmate has no constitutional right to free copy of records; inmate could obtain copies of appropriate records upon payment of requisite and reasonable copying fee, to be paid regardless of the inmate's *in forma pauperis* status). Accordingly, plaintiff's "Motion for Court Order for Production of Copies" is hereby **DENIED**.

*Miscellaneous motions*

The plaintiff's "Motion and Request for Settlement Conference" is hereby **DENIED** at this time. Defendants' motion for an extension of time in which to file responses to plaintiff's motions for summary judgment is hereby **DENIED** as moot.

*Motions for summary judgment*

The plaintiff has also filed two (2) motions for summary judgment, wherein he reiterates his claims against the defendants and concludes that he is now entitled to summary judgment based on defendants' responses, or lack thereof, to plaintiff's discovery requests. Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  All facts and reasonable inferences drawn therefrom must be viewed in the light most favorable to the nonmoving party, although the nonmoving party may not rest on the pleadings but must set forth specific facts showing that there is a genuine issue for trial.  Fed. R. Civ. P. 56(e); <u>Van T. Junkins & Assoc. v. U.S. Industries, Inc.</u>, 736 F.2d 656, 658 (11th Cir. 1984).

As the party moving for summary judgment, the plaintiff has the initial burden to demonstrate that no genuine issue of material fact remains in this case.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325 (1986); <u>Clark v. Coats & Clark, Inc.</u>, 929 F.2d 604 (11th Cir. 1991).  In an effort to make said demonstration, the plaintiff relies only a brief, certain of the defendants' discovery responses, some of which the plaintiff has labeled as "untruthful", and certain prison records.  Making all factual and credibility determinations in favor of the defendants, the nonmoving parties herein, it is clear that the plaintiff has failed to satisfy his burden of establishing that no genuine issues of material fact remain in this case.  Plaintiff's summary judgment motions consist merely of a reiteration of his claims as set out in his complaint, in addition to summary conclusions that the facts as alleged establish the violation of his constitutional rights.  Accordingly, it is the recommendation of the undersigned that the plaintiff's motions for summary judgment be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations issued herein with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO ORDERED AND RECOMMENDED**, this 20th day of July, 2007.

/s/ *Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

asb