IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

KENNETH CARDWELL,

    Plaintiff

VS.                                  **1 : 06-CV-58 (WLS)**

FREDERICK GAMMON, et al.,

    Defendants.

**RECOMMENDATION**

    Presently pending in this action brought pursuant to 42 U.S.C.§ 1983 is the defendants' Motion for Summary Judgment. The undersigned notified the plaintiff of the filing of the defendants' motion, advised him of his obligations under the law, and directed him to respond thereto within thirty (30) days of his receipt of the court's order.

    The plaintiff filed this action in April 2006, raising allegations of excessive force and deliberate indifference to his serious medical needs while confined at Calhoun State Prison. The defendants base their summary judgment motion in part on the plaintiff's alleged failure to fully exhaust his claims herein by filing a grievance addressing these claims through the prison grievance process.

*Discussion*

    Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." All facts and reasonable inferences drawn therefrom must be viewed in the light most favorable to the nonmoving party, although the

nonmoving party may not rest on the pleadings but must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); Van T. Junkins & Assoc. v. U.S. Industries, Inc., 736 F.2d 656, 658 (11th Cir. 1984).

As the party moving for summary judgment, the defendant has the initial burden to demonstrate that no genuine issue of material fact remains in this case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986); Clark v. Coats & Clark, Inc., 929 F.2d 604 (11th Cir. 1991). In presenting their motion for summary judgment, the defendants rely on the affidavit of Christine Cross, the Grievance Coordinator at Calhoun State Prison, who states that "[a]fter a review of the plaintiff's grievance history, I found that inmate Cardwell did not file any grievance related to the issues of this lawsuit." Cross affidavit at ¶ 8.

The PLRA mandates that all prisoners wishing to bring suits pursuant to § 1983 based on conditions of confinement violations must exhaust all available administrative remedies prior to filing a federal action. The Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e (a). In order to satisfy the exhaustion requirement, an inmate must fully pursue all available administrative remedies, including pursuing and completing all levels of appeal. Moore v. Smith, 18 F. Supp. 2d 1360, 1363 (N.D.Ga. 1998); Harper v. Jenkin, 179 F.3d 1311 (11th Cir. 1999) (inmate who failed to seek leave to file an out-of-time grievance failed to exhaust his administrative remedies as required by the PLRA).

The plaintiff has not established that he actually pursued the grievance process. In response to the defendants' summary judgment motion, a response, the court notes, that the plaintiff failed to even sign, the plaintiff asserts that he filed an informal grievance after he was released from segregation, inasmuch as he had been told that he could not file a grievance while he was confined

2

in segregation. The plaintiff has not produced a copy of this informal grievance, nor has he presented his assertions in the form of a sworn statement or affidavit. As such, the undersigned has no choice but to conclude that the defendants' summary judgment showing that the plaintiff did not pursue or file a grievance regarding the claims underlying this lawsuit remains undisturbed by the plaintiff's response. "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party . . ." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Inasmuch as the plaintiff has failed to rebut the defendants' summary judgment showing the court must conclude that the claims brought against defendants remain unexhausted, therefore barring a § 1983 action based thereon. Brown v. Sikes, 212 F.3d 1205, 1207 (11th Cir. 2000) ("when a state provides a grievance procedure for its prisoners, as Georgia does here, an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit.").

Accordingly, it is the recommendation of the undersigned that the defendants' Motion for Summary Judgment be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 23rd day of January, 2008.

    /s/ ***Richard L. Hodge***
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

asb